UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIONIS GONZALEZ,

                                      Plaintiff,

   -against-

THE CITY OF NEW YORK,
POLICE OFFICER JOHN LABIANCA (SHIELD 14211),
AND JOHN DOES 1 AND 2,

                                      Defendants.
------------------------------------------------------------------------X

**18 CV 2143 (GHW)**

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff, DIONIS GONZALEZ, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the accrual of his claims for false arrest and excessive force.

5. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6. Plaintiff has complied with all conditions precedent necessary to commence an action pursuant to New York State Law.

7. This action was commenced within one year and ninety days from the date the pendent claims herein accrued.

## VENUE

8. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

9. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10. Plaintiff, DIONIS GONZALEZ, is and has been, at all relevant times, a resident of Bronx County, City and State of New York.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

13. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER JOHN LABIANCA (SHIELD 14211), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant LaBianca is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant LBianca was assigned to the 50th Precinct of the NYPD.

14. At all times hereinafter mentioned, the individually named defendants, JOHN DOES 1-2, were a duly sworn members of said department and were acting under the supervision of said department and according to their official duties. The Doe Defendants are sued herein in their official and individual capacities. At all times hereinafter mentioned, the DOE DEFENDANTS were assigned to the 50th Precinct of the NYPD.

15. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

17. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

18. On July 5, 2017, at approximately 3:00 p.m., Plaintiff DIONIS GONZALEZ was lawfully present inside of 3004 Heath Avenue, in the County of the Bronx, City and State of New York.

19. At this time, the Defendants, along with several other members of the NYPD, arrived at the location on duty and in uniform.

20. Without any legal justification or excuse, the Defendants approached Plaintiff Dionis Gonzalez, violently grabbed his wrist, tasered him three times, and arrested him.

21. Plaintiff was not involved in any suspicious, violent, threatening, or illegal activity.

22. At no time on July 4th or 5th, 2017, did Plaintiff commit any crime or violation of law.

23. At no time on July 4th or 5th, 2017, did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

24. At no time on July 4th or 5th, 2017, did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

25. Nonetheless, the Plaintiff was formally arrested, placed in handcuffs, and was transported to the stationhouse of a local area precinct where he was held for several hours.

26. Plaintiff Dionis Gonzalez was eventually transported from the precinct to Bronx County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations sworn to by Defendant LaBianca.

27. In the criminal complaint, Defendant LaBianca falsely swore that he observed Plaintiff

Dionis Gonzalez standing in the middle of the sidewalk with approximately 200 other individuals, drinking, and lighting fireworks.

28. Pursuant to these and other false allegations, the Plaintiff Dionis Gonzalez was charged with two counts of disorderly conduct and one count of resisting arrest.

29. The Defendants provided knowingly false and misleading information to prosecutors at the Bronx County District Attorney's Office.

30. Each of the allegations were false and the Defendants knew them to be false when they were made.

31. Despite Defendants' unconstitutional actions, all charges against Plaintiff Dionis Gonzalez were dismissed when he eventually acceded to an adjournment in contemplation of dismissal.

32. As a result of the foregoing, Plaintiff sustained, *inter alia*, embarrassment, physical injuries, and deprivation of his constitutional rights.

33. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST
## UNDER 42 U.S.C. § 1983

38. Plaintiff DIONIS GONZALEZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

40. As a result of the foregoing, Plaintiff's liberty was restricted, Plaintiff was put in fear for his safety, and he was falsely arrested without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## EXCESSIVE FORCE
## UNDER 42 U.S.C. § 1983

41. Plaintiff DIONIS GONZALEZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. As a result of the Defendants' conduct, the Plaintiff was subjected to a level of force by

the Defendants in excess of what was reasonable under the circumstances.

43. As a result of the foregoing, Plaintiff's liberty was restricted, Plaintiff Dionis Gonzalez put in fear for his safety, and he was physically injured.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. Defendants arrested, searched, and incarcerated plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

48. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

       iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

       iv.    failing to properly train police officers in the requirements of the United States Constitution.

49.    The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

       i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

       ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

       iii.    falsifying evidence and testimony to support those arrests;

       iv.    falsifying evidence and testimony to cover up police misconduct.

50.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, DIONIS GONZALEZ.

51.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

52.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

53.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of

THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

55. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

56. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## FOR FALSE ARREST,
## FALSE IMPRISONMENT, AND
## EXCESSIVE FORCE,
## PURSUANT TO STATE LAW

57. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

59. Plaintiff was detained and held under the imprisonment and control of the defendants

under false pretenses.

60. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff, without warrant, authority of law or probable cause therefore.

61. That the acts and conduct on the part of the individual defendants constituting unlawful and unconstitutional conduct are: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; fabricating evidence against the plaintiff; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

62. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

63. That plaintiff was conscious of the confinement.

64. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and

loss of personal income.

65. By the actions described above, defendants "POLICE OFFICERS" and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so; and caused plaintiff to suffer physical injuries. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

   i.   an order awarding compensatory damages in an amount to be determined at trial;

   ii.  an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 4, 2018

                Respectfully submitted,

                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                *Counsel for the Plaintiff*

                /s/
By:   JESSICA MASSIMI (JM-2920)
      32 Old Slip, 8th Floor
      New York, New York 10005
      (212) 962-1020